48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robert J. PRESLEY, Plaintiff-Appellant,
v.
CITY OF NEW ALBANY, Defendant-Appellee.
 No. 94-2355.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1995.
Decided Feb. 27, 1995.
 
 Before PELL, FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 Robert J. Presley appeals from the entry of summary judgment on his municipal liability claim brought pursuant to 42 U.S.C. Sec. 1983, arguing that he preserved a triable issue of fact regarding the existence of a municipal policy or custom condoning the use of excessive force by arresting police officers. We affirm because we conclude that there are no facts in the record from which a reasonable jury could find that such a policy or custom existed.
 
 I.
 
 2
 Presley was arrested in January, 1990, by Officer William Vickery of the New Albany, Indiana Police Department.[1] According to the complaint, Officer Vickery stopped Presley while driving in his car, handcuffed him, and then proceeded to strike him in the face and head with a "slap jack." As a result of this incident, Presley alleges that he suffered both emotional and physical injuries.
 
 
 3
 Presley filed a four-count complaint against the City of New Albany in Indiana state court. Count One alleged an assault and battery arising out of the encounter between Presley and Vickery. Count Two alleged that "elements of the Defendant's police department" had violated Presley's rights to be free from illegal searches and seizures and from cruel and unusual punishment. Count Three charged "Defendant's municipal police officers" with "carelessly, recklessly and negligently misassess[ing]" his medical condition and "refus[ing] to render proper first aid and medical care to him." Count Four asserted a Sec. 1983 claim against the municipality based on a policy or custom of its police force to falsely arrest citizens and subject them to excessive force in arresting them.
 
 
 4
 After the action was removed to federal court, the City of New Albany moved for summary judgment on the ground that Presley failed to produce any evidence that the City of New Albany had a policy or custom of encouraging Officer Vickery's alleged excessive use of force in effecting Presley's arrest in violation of Presley's Fourth Amendment rights. The district court accepted the position of the City of New Albany and entered summary judgment in its favor.
 
 II.
 
 5
 The City of New Albany, a municipality, may not be held liable for the unlawful acts of its police officers under 42 U.S.C. Sec. 1983 solely on a theory of respondeat superior. Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Sec. 1983." Id. at 694. Further, a plaintiff bringing a Sec. 1983 claim against a municipality must show that the policy or custom proximately caused the alleged unconstitutional conduct. Id. at 693-94; see Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) ("At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."). Such a showing usually requires more than a single incident of wrongdoing in order to impose liability under Monell. Tuttle, 471 U.S. at 823-24.
 
 
 6
 Presley acknowledges that, at the time of his arrest, the City of New Albany had in effect comprehensive, written policies regarding the receipt and investigation of citizen complaints against members of its police department for excessive force. These policies required the New Albany Police Department to fully investigate all citizen complaints against its members and to properly adjudicate them "to the appropriate disposition."[2] The policies imposed on each officer the duty to properly report any information provided by any citizen regarding matters which indicated the need for action or recording. Officers who received complaints were required to comply with departmental policy and procedure for recording, handling, and transmitting complaints. Failure to comply with these procedures was considered a violation of department regulations.
 
 
 7
 In addition, the City of New Albany had policies concerning the discipline of police officers found to have used excessive force in effectuating arrests. New Albany police officers were required to document the use of force in the course of an arrest on their arrest report. All arrest reports were subject to several layers of review, beginning with the on-duty shift supervisor and terminating with the Chief of Police. The review of arrest reports led the Department, in 1989, to take disciplinary action against three of its member officers.
 
 
 8
 Presley argues that, notwithstanding these concededly valid policies, the City had an unwritten policy or custom of approving the police officers' use of excessive force through its disregard of citizen complaints, its failure to investigate incidents of excessive force, and its failure to maintain use of force reporting forms, records, and a system for tracking offending officers.
 
 
 9
 Contrary to Presley's argument, there is insufficient evidence in this case to create a jury issue concerning the liability of the City of New Albany. Presley has failed to adduce any proof that the alleged deficiencies in the City of New Albany's disposition of excessive force complaints reflected a deliberate indifference to its citizens' constitutional rights. See City of Canton v. Harris, 489 U.S. 378, 389 (1989) (" '[M]unicipal liability under Sec. 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers.") (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)). Nor has Presley established the probability that these deficiencies proximately caused his alleged brutalization at the hands of Officer Vickery. See, e.g., Donovan v. City of Milwaukee, 17 F.3d 944, 954 (7th Cir.1994); Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir.1985). In fact, the record fairly indicates that the City promptly considered and investigated complaints of excessive force and imposed discipline in meritorious cases.
 
 
 10
 Presley's submission of Magdalen Ollis' affidavit, swearing to a single, isolated instance in which an excessive force complaint was ignored, falls short of establishing the City of New Albany's Sec. 1983 liability.[3] Under City of Canton v. Harris, Presley had to show that the City of New Albany was on notice of a pattern of constitutional violations resulting from the failure to pursue meritorious excessive force complaints. E.g. Hirsch v. Burke, 40 F.3d 900, 904 (7th Cir.1994); Donovan, 17 F.3d at 955-56. No such showing was made.
 
 III.
 
 11
 Summary judgment was proper because Presley failed to raise a genuine issue of material fact concerning the existence of an unconstitutional policy or custom that required the district court to let the case be heard by a jury. Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 Presley was charged with driving while intoxicated, carrying a pistol without a permit, resisting law enforcement, leaving the scene, possessing marijuana, possessing drug paraphernalia, and refusing to submit to a chemical test
 
 
 [2]
 On occasion, a citizen complaint of excessive force came in the form of a Tort Claims Notice filed by an attorney. All Tort Claims Notices were forwarded directly to the City Attorney for investigation. Only if the investigation resulted in a determination that a claim had merit would the matter be referred to the city's police department for disciplinary action
 
 
 [3]
 In this affidavit, Ollis attested that she falsely reported to police that she witnessed the use of excessive force against her son Carl, and that her report was not pursued